IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| David Kissi, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:08cv1135 (GBL/TRJ) |
| | ) | |
| Paul Clement, et al., | ) | |
|     Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

David Kissi, a federal inmate confined at the Federal Correctional Institution at Elkton, Ohio, and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking early release from his current confinement. Kissi also alludes to "a separate request for a 42 U.S.C. § 1983 remedy for imprisonment in substandard conditions." Because it is clear from the face of the application that petitioner is not entitled to relief in this Court, this petition will be dismissed pursuant to the preliminary consideration provision of Rule 4 of the Rules Governing § 2254 Cases.[1]

I.

Kissi's petition in this case consists of a one-page document captioned as "Petition to Gain Early Release of David Kissi and a Separate Request for a 42 USC § 1983 Remedy for Imprisonment in Substandard Conditions." Kissi prays that this Court will entertain his petition, because Judge Solomon Oliver of Youngstown, Ohio ruled that Kissi should seek relief in the trial court. Kissi contends that because Judges Peter J. Messite, Roger W. Titus and Benson

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases provides that a United States District Court may apply the Rules Governing § 2254 Cases to other applications for habeas corpus at its discretion. Under Rule 4, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Legg have "sealed off Maryland courts to the Kissis," the federal court located in Northern Virginia is the most convenient forum within the Fourth Circuit where he can seek relief.[2] Aside from referring to a § 1983 claim "for imprisonment in substandard conditions" in the caption of the complaint, Kissi includes no factual allegations regarding such a claim, and indeed makes no further reference to it in the body of the petition.

Appended to Kissi's petition are numerous exhibits. These exhibits, which comprise hundreds of pages in length, consist of various documents such as excerpts of transcripts, orders and evidentiary material from other lawsuits Kissi has filed, affidavits, and correspondence Kissi has addressed to various individuals. However, Kissi includes no allegations or explanations concerning the relevance of these materials to the claims he intends to assert here. Kissi has also filed a one-page supplement to his petition, in which he urges this Court to look to letters apparently filed in a case in Maryland to ascertain "Maryland's prejudice that compels [Kissi] to come to this Court to review at least 5 ... 60(b)s ...". (Docket # 3).

---

[2]The Court takes judicial notice of a lawsuit previously filed in this district by Kissi pursuant to 28 U.S.C. § 1983, which was dismissed with prejudice as frivolous, vexatious and harassing. In that case, it was determined that the Honorable Peter J. Messite of the United States District Court for the Southern District of Maryland declared Kissi to be a vexatious litigant and enjoined and restrained Kissi from maintaining any legal action against certain individuals or entities after Kissi initiated a protracted series of lawsuits stemming from the liquidation of properties formerly owned by Kissi, his wife Edith Truvillion, and their companies in bankruptcy proceedings in the District of Maryland. The full history of the bankruptcy proceedings and its numerous progeny are thoroughly described in the Memorandum of Opinion and Order entered by the Honorable Donald C. Nugent, United States District Judge, in Kissi v. Clement, case number 4:08cv1784 (N. D. Ohio Oct. 2, 2008). In brief, Kissi was responsible for initiating a "flood" of litigation after the bankruptcy proceedings concluded, consisting of "21 separate civil actions in the Maryland District Court," "at least 63 appeals in the United States Fourth Circuit Court of Appeals," and "multiple actions in state courts only to have them removed to federal court," including at least two cases in the District Court for the District of Columbia and six cases in the Northern District of Ohio. None of these actions were decided in Kissi's favor. See Kissi v. PRAMCO II, LLC, et al., 1:08cv1174 (E.D. Va. Mar. 4, 2009) (Order of Dismissal).

## II.

It is readily apparent that petitioner's present action is subject to dismissal. To the limited extent that Kissi's allegations are comprehensible, it is clear that this Court has no jurisdiction over any § 2241 claim Kissi wishes to assert. Information available in case number 1:08cv1174 revealed that Kissi presently is serving a sentence of thirty years and one day imprisonment as the result of his convictions of bankruptcy fraud, two counts of aiding and abetting, and two counts of criminal contempt entered by the Maryland District Court. See n. 2. Kissi is confined at FCI Elkton, which is located in Columbiana County in the Northern District of Ohio. Venue for a habeas corpus action is proper in either the prisoner's district of confinement or his district of conviction. 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 497 (1973); see, e.g., Rogers v. Wood, 241 Fed. Appx. 110 (4th Cir. July 11, 2007). In this case, however, the Eastern District of Virginia is neither the district of Kissi's conviction nor that of his confinement, and in fact has no nexus of any kind with Kissi's conviction, sentence and resulting incarceration. Accordingly, jurisdiction over any habeas corpus claim Kissi may wish to assert is inappropriate in the Eastern District of Virginia, and his petition seeking § 2241 relief from this Court must be dismissed.

To the extent that Kissi includes a reference to a claim for "substandard" prison conditions in the caption of his petition, such allegations are not remediable in this habeas corpus action. Habeas corpus relief is appropriate only when a state prisoner attacks the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Challenges to a state action that would not result in a definite reduction in the length of confinement are properly brought under 42 U.S.C. § 1983. See Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978). To the extent that petitioner, a federal prisoner, wishes to challenge his conditions of confinement, rather than

3

the fact or duration of his confinement, his remedy, if any, should be brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which extends 42 U.S.C. § 1983 liability to federal officials. Therefore, petitioner's prayer for relief from "substandard" conditions of confinement must be dismissed.

### III.

For the foregoing reasons, it is

ORDERED that this petition for habeas corpus relief be and is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing § 2254; and it is further

ORDERED that petitioner's Motion for Leave to Proceed In Forma Pauperis (Docket # 2) be and is DENIED as moot.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

Entered this 29th day of July 2009.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia